# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CASSIE CRISANO | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-19-1082 |
| MARYLAND STATE POLICE | * | |
| Defendant | * | |

***

## MEMORANDUM

On April 10, 2019, Cassie Crisano, who is incarcerated at the Rappahannock Regional Jail in Stafford, Virginia,[1] filed this pro se complaint against the Maryland State Police. ECF 1.[2] She alleges that Defendant's investigators "conspired" with the Stafford County Sherriff's Department to violate her right to due process and other unspecified civil rights by seeking a warrant for her arrest. It appears that the warrant was issued by the District Court for Queen Anne's County, Maryland on or about May 8, 2018, for attempted arson, conspiracy to commit arson, attempted murder, solicitation to murder, and conspiracy to murder. *Id*. at 1; *see State v. Crissano*,[3] Case D-034-CR-18-000315 (D. Ct. Queen Anne's Cty.); http://casesearch.courts.state.md.us/casesearch/

---

[1] The Virginia Courts Case Information website shows Crisano is facing charges in the Stafford County Circuit Court for multiple crimes, including solicitation to commit robbery, solicitation to abduct, forgery, uttering, attempted arson of a public building, solicitation to commit arson, conspiracy to commit an unlawful financial transaction, identity theft, and obtaining money on false pretenses. *See* http://ewsocis1.courts.state.va.us/ CJISWeb/Search.do (viewed April 29, 2019).

[2] The caption only names the Maryland State Police as a defendant. In the body of the Complaint, however, plaintiff refers to other "unknown" defendants. *Id.* at 1.

[3] Plaintiff's surname is spelled as Crissano in this case.

inquiry Detail.jis?caseId=D034CR18000316&loc=13&detailLoc=ODYCRIM.(viewed April 30, 2019).

Crisano, a former Prince George's County, Maryland police officer (ECF 1 at 4), asserts that the Maryland charges were later dropped. *Id.* at 5. However, the Maryland case search website shows that the charges are still pending and that the criminal case is open.

Plaintiff contends that Defendant should have recognized that she is innocent because the charges against her were based on the allegations of informant Terry Raymond Linton, who was charged with solicitation of a minor, pleaded guilty, and received only a six month sentence. ECF 1 at 2, 4. According to Crisano, she was arrested without probable cause. She provides no details to support her assertions of collusion, nor does she explain why an arrest based on information provided by an informant is insufficient to provide probable cause.

Plaintiff complains that she has lost her freedom, her reputation has been damaged, she has incurred expenses for her defense, and she has suffered physical and emotional pain. As redress, she requests compensatory damages and unspecified other relief as may be "just and proper." *Id*. at 2.

Notably, Crisano filed her complaint without payment of the $400 filing fee or a motion to proceed in forma pauperis. Therefore, she will be granted twenty-one days to pay the filing fee or move to proceed in forma pauperis. Failure to comply may result in dismissal of this case, without prejudice.

Crisano also seeks issuance of subpoenas (ECF 2, ECF 4) and summary judgment. ECF 3. She asks for judgment against "Defendant J.S. Massine" for "falsely, maliciously, and without reasonable or probable cause" making defamatory statements about her to the Maryland State Police. ECF 4. Crisano does not further identify J.S. Massine.

At this early stage of the proceeding, the motion for summary judgment is premature. To the extent Crisano is requesting subpoenas for financial, employment, and other records to pursue her defense in state court, these requests should be filed in the appropriate state court. Accordingly, the requests for subpoenas will be denied, without prejudice.

To the extent Crisano is seeking damages for her Maryland detention, her open criminal case forms the basis of the claims she presents here. A federal court must not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989) (district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding).

Thus, if Crisano pays the filing fee or moves for waiver of the fee, the Court anticipates that it may stay proceedings in the instant case, pending the outcome of the criminal action. In *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), the Supreme Court said: "If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn his conviction, *Heck* [*v. Humphrey*, 512 U.S. 477 (1994),] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." (internal citations omitted)).

An Order follows.

Date: May 2, 2019                                  /s/
                                                   Ellen L. Hollander
                                                   United States District Judge